## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CLARICE MILLS, )
)
          Plaintiff, )
)
vs. )    Case No.: 03 C 1712
)    Judge Pallmeyer
XO COMMUNICATIONS, INC. et al., )    Magistrate Judge Mason
)
          Defendants. )

**FILED**

AUG 11 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**

AUG 12 2003

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT XO COMMUNICATIONS, INC. TO COMPLAINT

Defendant XO Communications, Inc. ("XO"), by its attorneys, Jackson Lewis

LLP, answers the allegations of the Complaint of Plaintiff Clarice Mills ("Mills") directed to

XO, as follows:

**PARAGRAPH NO. 1:**

That she is a citizen and resident of Chicago, Illinois.

**ANSWER:**

Upon information and belief, XO admits the allegations of Paragraph 1.

**PARAGRAPH NO. 2:**

That the defendant corporation, XO Communications, Inc.
(hereinafter "XO") is a corporation, with its principal place of
business at Reston, Va.

**ANSWER:**

XO admits the allegations of Paragraph 2.

**PARAGRAPH NO. 3:**

That the defendant XO corporation has significant contact with the
Northern District of Illinois in that such contact justifies
jurisdiction in this forum, in that the defendant operates and
maintains facilities within the boundaries of the Northern District
Of Illinois, namely at 233 South Wacker Drive, Chicago, Illinois,
and that the injuries complained of occurred in the same district.



**ANSWER:**

XO does not contest the Court's subject matter jurisdiction over Mills' claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, pertaining to certain allegations made in the Charge of Discrimination she filed with the Equal Employment Opportunity Commission ("EEOC"), No. 210A300947. XO admits that it transacts business at 233 South Wacker Drive, Chicago, Illinois, and elsewhere within the Northern District of Illinois. XO denies "the injuries complained of," and denies any and all of the remaining allegations of Paragraph 3 not expressly admitted herein.

**PARAGRAPH NO. 4:**

> That the defendants Leonard Leeds (hereinafter "Leeds" and the law firm Leeds, Morelli & Brown, P.C. (hereinafter "LMB"), are attorneys and a law firm respectively. Their principal office is in Cane (sic) Place, New York. The LMB defendants do business in Chicago: New York; Reston, Virginia and other states within the United States. The defendant XO does business in Reston, Virginia, and Chicago, Illinois. The defendant Michael Young does business in Chicago, Illinois and in New York.

**ANSWER:**

XO admits that it does business in Reston Virginia and Chicago, Illinois. XO neither admits nor denies the remaining allegations of Paragraph 4 because they are directed to other Defendants.

**PARAGRAPH NO. 5:**

> That the alleged wrongs and injuries occurred in Cook County, Illinois, amongst other places.

**ANSWER:**

XO denies the "alleged wrongs and injuries", and denies any and all of the remaining allegations of Paragraph 5 not expressly admitted herein.

**PARAGRAPH NO. 6:**

> That pursuant to 28 U.S.C. § 1331 jurisdiction of this matter is
> appropriate in the United States District Court for the Northern
> District Of Illinois as this action involves a question of the
> application of federal law, 28 U.S.C. sections 1332, and 42 USC
> 2001, et. seq., 42 USC 1981, 1986 and Rule 57 of the Federal
> Rules of Civil Procedure. This claim arose in the Northern District
> of Illinois, and thus, venue is appropriate under 28 U.S.C. section
> 1391 (b). The matter in controversy exceeds, exclusive of interest
> and costs, the sum specified by 28 USC §1332. That the Equal
> Employment Opportunity Commission issued plaintiff a right to
> sue letter on December 11, 2002.

**ANSWER:**

XO does not contest venue in this Court, or contest the Court's subject matter jurisdiction

over Mills' claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981,

pertaining to certain allegations made in the Charge of Discrimination she filed with the EEOC,

No. 210A300947. XO admits that on or about December 18, 2002, the EEOC issued to Mills a

Notice of Right to Sue relating to said Charge. XO neither admits nor denies the remaining

allegations of Paragraph 6 directed to other Defendants.

**PARAGRAPH NO. 7:**

> That in July 2000, the plaintiff, an African American Woman, was
> hired as a Technical Consultant at NEXTLINK, Employment
> Services, Inc. as an agent of, for and on the behalf of, and as the
> predecessor corporation to XO Communications, Inc., to work at
> its Chicago facility, 233 South Wacker Drive. XO acquired or
> absorbed the assets of NEXTLINK Employment Services and
> retained the employees as its employees.

**ANSWER:**

XO admits that Mills is an African American woman and that she was hired by XO's

predecessor NEXTLINK Employment Services ("NEXTLINK") in or about July 2000 to work

as a Technical Sales Consultant at 233 South Wacker Drive, Chicago, Illinois. XO admits also

that it acquired certain assets of NEXTLINK and hired certain employees previously employed

by NEXTLINK, including Mills.  XO denies any and all remaining allegations of Paragraph 7

not expressly admitted herein.

**PARAGRAPH NO. 8:**

>    The complainant worked at that job, under the names and auspices
>    of XO Corporation (and as a employee of the defendant XO, Inc.)
>    until she determined that XO was engaged in racial discrimination
>    in its employment policies and procedures.

**ANSWER:**

XO denies it engaged in racial discrimination in its employment policies and procedures.

XO admits it employed Mills as a Technical Sales Consultant.  XO denies any and all remaining

allegations of Paragraph 8 not expressly admitted herein.

**PARAGRAPH NO. 9:**

>    Thereafter, complainant engaged Leonard Leeds (Leeds) and the
>    law firm Leeds, Morelli and Brown (LMB) to represent her in her
>    employment discrimination claims.

**ANSWER:**

XO denies it engaged in employment discrimination and/or unlawfully discriminated

against Mills.  Upon information and belief, XO admits that Leonard Leeds and the law firm of

Leeds, Morelli and Brown ("the Leeds Law Firm") represented Mills in connection with

employment discrimination claims she asserted against XO.  XO denies any and all remaining

allegations of Paragraph 9 not expressly admitted herein.

**PARAGRAPH NO. 10:**

>    Ninety seven (97) other unidentified employees also engaged the
>    firm to represent them in their discrimination claims against XO in
>    the years 1999 thru 2000.

**ANSWER:**

XO denies it discriminated against Mills or any other employee.  XO admits that the

Leeds Law Firm represented Mills and ninety-six (96) other individuals in connection with

employment discrimination claims they asserted against XO prior to 2002. XO denies any and

all remaining allegations of Paragraph 10 not expressly admitted herein.

**PARAGRAPH NO. 11:**

> The Leeds firm settled the matter with XO, on the behalf of 97
> employees in May of 2002, in an amount of $1,100,000.00.

**ANSWER:**

XO admits that the discrimination claims alleged by Mills and the ninety-six (96) others

who were represented by the Leeds Law Firm, were settled for the total gross sum of $1.1

million and other consideration. XO denies it discriminated against any of the ninety-seven (97)

claimants, and denies any and all remaining allegations of Paragraph 11 not expressly admitted

herein.

**PARAGRAPH NO. 12:**

> The terms of the settlement were not fully disclosed to the plaintiff.
> The exact charges were not fully disclosed to the plaintiff. The co-
> plaintiffs were not disclosed to Ms. Mills, though she requested
> this information.

**ANSWER:**

XO is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 12.

**PARAGRAPH NO. 13:**

> The complainant was told by the Leeds firm, Leeds and Michael
> Young that her settlement portion was $13,900.00. The plaintiff
> was not told the basis of the distribution of the settlement amount.

**ANSWER:**

XO is without knowledge or information sufficient to form a belief as to what Mills was

specifically told by the Leeds Law Firm, Leonard Leeds and/or Michael Young. XO admits that

the monetary portion paid to Mills of the settlement was $13,900.00.  XO denies any and all

remaining allegations of Paragraph 13 not expressly admitted herein.

**PARAGRAPH NO. 14:**

> She was also told by Leonard Leeds that if she did not approve of
> the settlement, that she could proceed as individual against XO.

**ANSWER:**

XO is without knowledge or information sufficient to form a belief as to what Mills was

specifically told by Leonard Leeds.

**PARAGRAPH NO. 15:**

> She was told the information in paragraphs 10, 11, 12, 13, and 14,
> after the passage of 180 days after the date of the alleged
> discriminatory acts.

**ANSWER:**

The phrase "the information in paragraphs 10, 11, 12, 13 and 14" is vague and

ambiguous; therefore, XO denies the same.  Answering further, XO is without knowledge or

information sufficient to form a belief as to what Mills was specifically told by Leonard Leeds,

the Leeds Law Firm and/or Michael Young, or when she was so told.  XO also is without

knowledge or information sufficient to form a belief as to the date of the alleged acts Mills

claims constituted discrimination by XO.  XO denies any and all remaining allegations of

Paragraph 15 not expressly admitted herein.

**PARAGRAPH NO. 16:**

> The limitations period for certain acts (including some of those
> covered by Complainant's complaint) expired 180 days after they
> were discovered.

**ANSWER:**

The phrases "for certain acts" and "covered by Complainant's complaint" are vague and

ambiguous; therefore, XO denies the same.  XO is without knowledge or information sufficient

to form a belief as to the specifics of the discriminatory acts alleged by Mills or when Mills

purportedly discovered the alleged acts. XO denies the remaining allegations of Paragraph 16

because they are legal conclusions and not the averment of issuable facts.

## PARAGRAPH NO. 17:

> The defendants all knew about the limitations periods and the necessity for getting a complaint filed before the proper agencies in order that the claim not be barred by time.

## ANSWER:

The phrase "the limitations periods" is vague and ambiguous; therefore, XO denies the

same. XO admits that different periods of limitation and administrative prerequisites apply to

different legal claims. XO is without knowledge or information sufficient to form a belief as to

the specifics of the discriminatory acts alleged by Mills or when Mills purportedly discovered

said acts. XO neither admits nor denies the allegations of Paragraph 17 to the extent they are

directed to other Defendants. XO denies any and all remaining allegations of Paragraph 17 not

expressly admitted herein.

## PARAGRAPH NO. 18:

> The defendants Leeds and the firm LMB then appointed Michael Young, an attorney to be a "Special Master". Michael Young was an associate of an entity called "JAMS", which is located in New York City. The Special Master's obligations were to distribute the settlement amongst all persons who had entered a claim or complaint against XO.

## ANSWER:

XO admits that Michael Young, Esq. of JAMS, with offices in New York, was selected

by the Leeds Law Firm to act as Special Master. XO denies any and all remaining allegations of

Paragraph 18 not expressly admitted herein or is without knowledge or information sufficient to

form a belief as to the truth of those allegations.

**PARAGRAPH NO. 19:**

> The alleged terms of the settlement were distributed in a document entitled 'LETTER OF UNDERSTANDING REGARDING THE SETTLEMENT AGREEMENT WITH XO COMMUNICATIONS, INC." attached hereto as exhibit 1.

**ANSWER:**

XO admits that a document entitled *Letter of Understanding Regarding the Settlement Agreement with XO Communications, Inc.*, is attached as Exhibit 1 to the Complaint. XO is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 19.

**PARAGRAPH NO. 20:**

> Leeds and LMB then assigned/and or transferred the claims and the right to recover for the discriminatory acts to Michael Young.

**ANSWER:**

XO denies the allegations of Paragraph 20.

**PARAGRAPH NO. 21:**

> Leeds and LMB did not finish the job of representing the plaintiff.

**ANSWER:**

XO is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

**PARAGRAPH NO. 22:**

> Contemporaneously with the assignment to Michael Young, the defendants (sic) XO and the defendants Leeds and LMB entered into an agreement for Leeds and LMB to serve as a consultant and to give assistance and legal advice to XO for a three year period, for the sum of $90,000.00.

**ANSWER:**

XO admits that XO and the Leeds Law Firm entered into an agreement for the Leeds Law Firm to serve as a consultant to give assistance and legal advice to XO for a three year period, for the total sum of $90,000. XO denies the remaining allegations of Paragraph 22.

**PARAGRAPH NO. 23:**

> As a part of the "LETTER OF UNDERSTANDING REGARDING THE SETTLEMENT AGREEMENT WITH XO COMMUNICATIONS, INC.", there was a provision that the plaintiff acknowledge that there was a conflict of interest for LMB and that the plaintiff waive any objection to such conflict, as a condition of receiving any funds. (See Exhibit 1 attached.)

**ANSWER:**

XO admits that a document entitled *Letter of Understanding Regarding the Settlement Agreement with XO Communications, Inc.*, attached as Exhibit 1 to the Complaint, purports to pertain to the settlement agreement with XO, and defers to that document as to its contents. XO denies the remaining allegations of Paragraph 23 not expressly admitted herein.

**PARAGRAPH NO. 24:**

> That as a part of the "LETTER OF UNDERSTANDING REGARDING THE SETTLEMENT AGREEMENT WITH XO COMMUNICATIONS, INC.", hereinafter "Letter", the document stated:
>
> "There is no guarantee as to the monetary award each Claimant will receive, despite a Claimant's demand. The Special Master will make a determination as to each Claimant's case; that decision will be final and binding on all parties, regardless of outcome."

**ANSWER:**

XO admits that a document entitled *Letter of Understanding Regarding the Settlement Agreement with XO Communications, Inc.*, attached as Exhibit 1 to the Complaint, purports to pertain to the settlement agreement with XO, and defers to that document as to its contents. XO denies the remaining allegations of Paragraph 23 not expressly admitted herein.

**PARAGRAPH NO. 25:**

The "Letter" of understanding is an unconscionable imposition of a procedure and policy.

**ANSWER:**

XO denies the allegations of Paragraph 25.

**PARAGRAPH NO. 26:**

The letter is against public policy and is void.

**ANSWER:**

XO denies the allegations of Paragraph 26.

**PARAGRAPH NO. 27:**

The letter violates the Rules of Professional Conduct for the State of Illinois and similar rules for The United States District Court of the Northern District Of Illinois, and the Professional Conduct Rules for the State of New York. (Illinois Rule 1.8 (e) and (f); and Rule 5.5 (a) and (b).)

**ANSWER:**

XO denies the allegations of Paragraph 27.

**PARAGRAPH NO. 28:**

The plaintiff was discriminated against in August, 2002, in that she was released from employment by the defendant XO in retaliation for being an adversary in the aforementioned claim.

**ANSWER:**

XO admits that Mills was released from employment in September 2002, and denies the remaining allegations of Paragraph 28.

**PARAGRAPH NO. 29:**

The plaintiff was also discriminated against because of her age, 55, sex and race under subterfuge that the defendant XO was downsizing.

**ANSWER:**

XO denies the allegations of Paragraph 29.

**PARAGRAPH NO. 30:**

As a part of the settlement, the defendant attorneys had represented
that XO would not retaliate against the employees involved in the
discrimination claims. The attorneys also represented that the
defendant XO had issued a written representation that the
corporation would not retaliate. (See Exhibit 2 attached.)

**ANSWER:**

XO is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 30 as to what the defendant attorneys represented.

**PARAGRAPH NO. 31:**

The plaintiff called the defendants LMB, seeking advice and legal
service as to her claim of retaliation and the connection of the
retaliation with the settlement agreement. The plaintiff spoke with
the defendant LMB's principal Brown who declared that he, and
defendants LMB and Leeds were in the employ of XO and would
not give her assistance or advice in her retaliation claim.

**ANSWER:**

XO is without knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 31.

**PARAGRAPH NO. 32:**

In anticipation of terminating the plaintiff, and other persons who
had complained and recovered sums against the defendant XO, XO
engaged in several subterfuges which reconfigured the job duties
and skills (sic) sets needed to do the work of the employees.

**ANSWER:**

XO denies the allegations of Paragraph 32.

**PARAGRAPH NO. 33:**

The plaintiff in fact had greater seniority, better skills, and job
knowledge than her counterparts in the unit in which she worked.

- 11 -

**ANSWER:**

XO denies the allegations of Paragraph 33.

**PARAGRAPH NO. 34:**

The younger, less skilled white males continued in their employ despite the alleged downsizing.

**ANSWER:**

XO denies that there were "younger, less skilled white males" in the position of

Technical Sales Consultant in Chicago, and denies the remaining allegations of Paragraph 34.

**PARAGRAPH NO. 35:**

The defendants XO, Leeds, and LMB, entered into a settlement agreement between themselves before the plaintiff was advised of the settlement, its terms and settlement procedures.

**ANSWER:**

XO denies the allegations of Paragraph 35.

**PARAGRAPH NO. 36:**

Michael Young was the lawyer with the responsibility of distributing the proceeds of the settlement. In order to get their share of the proceeds, the plaintiff had to negotiate with Michael Young. Mr. Young was not engaged by the plaintiff, nor was he a member of the LMB law firm. Upon information and belief, he was not engaged by the other claimants. The plaintiff had to accept the settlement offer made available by Mr. Young or accept the risk of attempting to recover from the defendant XO on claims which were known to be barred by the passage of the time limitations.

**ANSWER:**

XO admits that Michael Young is a lawyer. XO is without knowledge or information

sufficient to form a belief as to the remaining allegations of paragraph 36.

**PARAGRAPH NO. 37:**

A single fund had been negotiated by the defendants LMB and XO of (sic) to compromise the settlement of the claims of 97 claimants. This act is a violation of the rules of conduct for lawyers.

**ANSWER:**

XO denies the allegations of Paragraph 37 as stated.  XO admits that the ninety-seven (97) claimants' counsel, the Leeds Law Firm, negotiated a settlement on behalf of all the claimants that was subject to the express written approval of each claimant, including Mills.

**PARAGRAPH NO. 38:**

> Defendant Young negotiated the interest of the plaintiff as against the interest of the other 96 claimants, co-participants in the same fund.  He arrived at an undisclosed amount for each of the 97 claimants and then did not divulge the formula for assessing the awards of settlement.  He compromised the plaintiff's interests without fully disclosing to her the rights and benefits available to her.

**ANSWER:**

XO denies the allegations of Paragraph 38 directed to it, except XO admits on information and belief that Michael Young recommended the allocations of the total settlement for the ninety-seven (97) claimants that was subject to the express written approval of each claimant, including Mills.  XO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38.

**PARAGRAPH NO. 39:**

> The defendants engaged in a joint enterprise of producing liability release documents that provided that the plaintiff as a claimant would have to accept the unconscionable agreements or risk suing XO on the time barred claims.

**ANSWER:**

XO denies the allegations of Paragraph 39.

**PARAGRAPH NO. 40:**

> The defendant Young induced the plaintiff to sign the agreement, See Exhibit 2.

**ANSWER:**

XO is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

**PARAGRAPH NO. 41:**

>The defendants acted knowingly in violation of the law; were outrageous in their conduct, especially for lawyers; knew or should have known that their conduct would cause severe economic and emotional distress upon the plaintiff and other persons similarly positioned; and knew that their conduct was to subvert the policies and practices of the United States in assuring equal opportunity in employment, for the protected groups from racial, sexual, and age discrimination.

**ANSWER:**

XO denies the allegations of Paragraph 41 directed to it.

**PARAGRAPH NO. 42:**

>That the defendants did the following:

>a.     Discriminated against the plaintiff in employment because of her race, age and her sex.

>b.     The Defendant XO discriminated against the Plaintiff in retaliation for engaging lawyers to attempt to secure her employment rights free of discrimination,

>c.     Converted the plaintiff's funds, rights and benefits by knowingly commingling them with other persons funds, rights and benefits,

>d.     Converted the plaintiffs funds by exercising dominion and control over the rights of benefit and ownership over the employment rights and the property of the plaintiff,

>e.     Breach of the fiduciary relationship that existed between an attorney and his client,

>f.     Breach of the fiduciary (including loyalty) relationship between attorney and client by attempting to deliver legal services to known adversaries, and persons with conflicts of interest, and using superior legal knowledge and skills to cover up the breach,

g.   Violate the code of Professional Conduct for lawyers in the states of Illinois, new (sic) York and Virginia by:

   1.   Practicing law in Illinois,

   2.   Violation the code of professional conduct in executing legal affairs in contravention of the Code of Professional Conduct of Illinois. New York and Virginia,

h.   Breach of Contract,

i.   Conspiracy in all of the above recitations.

## ANSWER:

XO denies there was an attorney-client relationship between XO and Mills, and denies the remaining allegations of Paragraphs 42 (a) through (i) directed to it.

## PARAGRAPH NO. 43:

The plaintiff was granted a right to sue letter by the EEOC.  A copy is attached as exhibit 3.

## ANSWER:

XO admits that the EEOC issued to Mills a Notice of Right to Sue pertaining to the allegations made in the Charge of Discrimination she filed with the EEOC, No. 210A300947, a copy of which Notice of Right to Sue is attached as Exhibit 3 to the Complaint.

*         *         *

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Mills' claims have been discharged and/or enjoined pursuant to XO's Chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of New York.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against XO upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

To the extent Mills claims discrimination by XO which occurred more than 300 days before she filed her Charge of Discrimination with the EEOC, No. 210A300947, such claims are time-barred.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Mills purports to assert claims of discrimination against XO under Title VII of the Civil Rights Act of 1964 that are not included in her Charge of Discrimination filed with the EEOC, No. 210A300947, Mills has failed to exhaust her administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Mills is asserting claims that are covered by the prior settlement agreement with XO that she executed in 2002, those claims are barred as released.

### SIXTH AFFIRMATIVE DEFENSE

XO engaged in good faith efforts to comply with Title VII of the Civil Rights Act of 1964, and therefore cannot be held liable for punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Assuming *arguendo* that Mills is able to establish that her race, age, sex or prior discrimination claims played any part in any decision to terminate her employment, XO would have made the same decision even in the absence of any unlawful consideration.

*           *           *

**WHEREFORE**, the Complaint should be dismissed and Defendant XO Communications, Inc. awarded its costs and such other relief this Court deems just and reasonable.

DATED:      August 11, 2003          **XO COMMUNICATIONS, INC.**

By: _____
Robert E. Arroyo, One of Its Attorneys

Robert E. Arroyo
Joan E. Maloney
Attorneys for Defendant XO Communications, Inc.
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
(312) 787-4949

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant XO Communications, Inc. hereby certifies that on August 11, 2003, he caused a copy of the foregoing Answer and Affirmative Defenses to Complaint to be served upon Ronald S. Samuels, Esq., Ronald S. Samuels & Associates, 29 South LaSalle Street, Suite 434, Chicago, Illinois 60603-1506, by first-class U.S. Mail, postage prepaid.

Robert E. Arroyo