IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARICE MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 03 C 1712 |
| vs. ) | Judge Pallmeyer |
| ) | Magistrate Judge Mason |
| XO COMMUNICATIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

FILED OCT 9 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKETED OCT 1 0 2003

### DEFENDANT XO COMMUNICATIONS'
### MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant XO Communications, Inc. ("XO") moves the Court for judgment on the pleadings in its favor on the amended complaint ("Complaint") of plaintiff Clarice Mills ("Mills"), and XO's answer and affirmative defenses. In support of this motion, XO submits herewith its supporting memorandum of law.

**WHEREFORE,** XO respectfully moves the Court to grant this motion with prejudice, together with such other and further relief as the Court deems just and proper.

DATED:    October 9, 2003

XO COMMUNICATIONS, INC.

By: _____
Robert E. Arroyo, One of Its Attorneys

Robert E. Arroyo, Esq.
Joan E. Maloney, Esq.
Attorneys for Defendant XO Communications, Inc.
Jackson Lewis LLP, 320 West Ohio Street, Suite 500
Chicago, Illinois 60610
(312) 787-4949

12

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant XO Communications, Inc. hereby certifies that on October 9, 2003, he caused a copies of the foregoing Motion for Judgment on the Pleadings and corresponding Memorandum of Law to be personally delivered to Ronald S. Samuels, Esq., Ronald S. Samuels & Associates, 29 South LaSalle Street, Suite 434, Chicago, Illinois 60603-1506, and copies of said documents to be served upon Daniel B. Meyer, Esq., O'Hagan Smith & Amundsen, LLC, 150 North Michigan Avenue, Suite 3300, Chicago, Illinois 60601, by first-class U.S. Mail, postage prepaid.

Robert E. Arroyo

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARICE MILLS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 03 C 1712 ) Judge Pallmeyer ) Magistrate Judge Mason |
| XO COMMUNICATIONS, INC., et al., | ) ) |
| Defendants. | ) ) |

FILED
OCT 9 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
OCT 1 0 2003

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT XO COMMUNICATIONS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant XO Communications, Inc. ("XO") submits this memorandum of law in support of its motion for judgment on the pleadings ("Motion") in its favor on the amended complaint ("Complaint") of plaintiff Clarice Mills ("Mills") and XO's answer and affirmative defenses, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Mills has no claim to assert against XO and her Complaint should be dismissed. Even if all of Mills' factual allegations against XO are true[1] and thus, XO were found to be liable on any one of her claims against XO, any judgment Mills obtains against XO would be void because XO received a discharge of all claims that were incurred or arose prior to November 15, 2002.

In addition, by virtue of the injunction the Bankruptcy Code provides a discharged debtor such as XO, Mills is enjoined from even bringing this lawsuit against XO and

---

[1] By Answer and Affirmative Defenses of XO Communications, Inc. to Complaint, dated August 11, 2003 (the "Answer"), XO generally denied the Plaintiff's allegations as they pertain to allegedly improper or actionable conduct of XO.

12

may be subject to sanctions for contempt of the Bankruptcy Code and XO's Confirmation Order (as defined below).

Finally and as an alternative ground for dismissing the Complaint, Mills' commencement of this lawsuit against XO is procedurally improper because she has not obtained the proper relief from the United States Bankruptcy Court for the Southern District of New York, the forum court for XO's chapter 11 proceeding.

Based on any one of the foregoing grounds discussed below, this Court should dismiss the Complaint against XO.

## I. STATEMENT OF FACTS

### A. Mills' Complaint[2]

On March 7, 2003, Mills instituted this lawsuit by filing her Complaint, naming, among others, XO as a defendant. In the Complaint, Mills alleges certain facts that are particular to XO. Mills alleges that starting in July 2000, she was employed by XO (including its predecessor) in Chicago Illinois. Complaint at ¶ 7. Mills and 97 other employees engaged Leonard Leeds, Esq. and his firm, Leeds, Morelli and Brown (both of which are co-defendants), to bring discrimination claims against XO for the years 1999 through 2000. In May, 2002, these claims were settled in the amount of $1.1 million to be distributed among the employees. Complaint at ¶ 8-10. Mills signed a "Letter of Understanding regarding the Settlement Agreement with XO Communications, Inc.," dated February 5, 2002 (the "Settlement Letter"). Complaint at Exhibit A. In addition to executing the Settlement Letter, Mills initialed a number of paragraphs therein to acknowledge her understanding of various provisions, including a

---

[2] XO's Motion presumes the facts alleged in the Complaint are true for the limited purpose of the Court's consideration of the Motion. XO does not hereby admit any of the allegations contained in the Complaint except as set forth in its Answer.

provision that stated in pertinent part: "At this time, it is public knowledge that XO is experiencing financial uncertainty." Complaint at Exhibit 1, p. 8. In August 2002, Mills was released from her employment by XO. Complaint at ¶ 28. Mills alleges that XO terminated her in retaliation for her role as an "adversary," Id.; and she also contends that in terminating her, XO discriminated against her because of her race, age and sex, Complaint at ¶ 29, and engaged in "several subterfuges" to "reconfigure[]" job duties and skills in anticipation of terminating her and retaining less skilled personnel. Complaint at ¶ 32-34. However, Mills acknowledges that she was told her termination was due to downsizing. Complaint at ¶ 29. Mills also acknowledges that XO agreed in writing not to retaliate against any party, including Mills, who was involved in the discrimination claims. Complaint at ¶ 30; Complaint at Exhibit 2.

August 11, 2003, XO filed an answer and affirmative defenses ("Answer") to the Complaint. The Answer also asserted several affirmative defenses to the Complaint including the following two defenses:

> Plaintiff's claims have been discharged and/or enjoined pursuant to XO's Chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of New York.

> The Complaint fails to state a claim against XO upon which relief can be granted.

Answer at 15.

**B.   XO's Chapter 11 Case**

By its nature, the Complaint recites only those facts pertaining to Mills' alleged harm and claims. However, Mills' claims against XO in the Complaint must be viewed in the context of XO's bankruptcy case and the impact that such proceeding has on Mills' lawsuit and claims.

On June 17, 2002, XO filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), case number 02-12947 (AJG).3  The case was assigned to the Honorable Arthur J. Gonzalez. A copy of the Bankruptcy Court's docket sheets for the case is attached hereto as Exhibit A.

On July 23, 2002, XO filed its Third Amended Plan of Reorganization (the "Plan") and related disclosure statement with this Court. A copy of the Plan, without exhibits, is attached hereto as Exhibit B. On November 15, 2002, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Plan as it pertained to the "Stand-Alone Plan."4  The Effective Date of the Plan (as defined therein) occurred on January 16, 2003. A copy of the Confirmation Order is attached hereto as Exhibit C.

By virtue of the Plan confirmation, XO was entitled to a discharge of its debts pursuant to section 1141(d) of the Bankruptcy Code. Section 1141(d) provides:

> (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan --
>
> > (A) discharges the debtor from any debt that arose before the date of such confirmation, . . . , whether or not --
> >
> > > (i) a proof of claim based on such debt is filed or deemed filed under section 501 of this title;
> > >
> > > (ii) such claim is allowed under section 502 of this title; or
> > >
> > > (iii) the holder of such claim has accepted the plan; . . . .

---

3   This Court should take judicial notice of the fact that this bankruptcy filing occurred only 4 months after XO's settlement with Mills and other parties, thereby giving credence to the statement in the Settlement Letter that XO's financial future was uncertain.

4   The Plan contained two alternative reorganization scenarios. In the first, XO would have received a substantial investment from third-parties and undergo a change in ownership. Although that plan was confirmed, it was never consummated because the conditions to receiving the investment were never satisfied. Subsequently, XO confirmed its Stand-Alone Plan, pursuant to which XO restructured its debt without the infusion of outside investment or relinquishment of ownership.

11 U.S.C. § 1141(d).

Section 10.2 of the Plan embodies the discharge the Bankruptcy Code grants XO, as follows:

> Confirmation shall (a) discharge the Debtor from all Claims and other debts that arose before the Confirmation Date and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (iii) the Holder of a Claim based on such debt has accepted this Plan; . . .

The Confirmation Order approved the discharge:

> In accordance with section 10.2 of the Plan, except as otherwise provided in the Plan or herein, in accordance with section 1141(d)(1) of the Bankruptcy Code, entry of this order acts as a discharge, effective as of the close of the Effective Date, of all Claims against the Debtor, its assets or properties, which Claims arose at or relate to any time before the entry of this Order . . . .

Confirmation Order at ¶ 9.

Upon receiving its discharge, XO received the benefit of the permanent injunctive protection afforded by section 524(a) of the Bankruptcy Code:

> (a) A discharge in a case under this title --
>
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . .

11 U.S.C. § 524(a).

Section 10.3(a) of the Plan, which implements the discharge injunction of section 524(a) of the Bankruptcy Code, states as follows:

> *Injunction.* Except as otherwise provided in this Plan, entities who have held, hold or may hold Claims against or Interests in the Debtor are (i) permanently enjoined from taking any of the following actions against the Estate or any of its property on account of any such Claims or Interests and (ii) permanently enjoined from taking any of the following actions against the Debtor, Reorganized XO, or their property on account of

- 5 -

such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; provided, however, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of this Plan.

## II.  ARGUMENT

The standards for a motion brought pursuant to Federal Rule 12(c) are straightforward.5 Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). Therefore, XO is entitled to bring this Motion because it has filed its Answer to Mills' Complaint.

A motion for judgment on the pleadings is only appropriate when there are no material allegations of fact in dispute and only questions of law remain. Flora v. Home Fed. Sav. & Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982).

When deciding a motion for judgment on the pleadings, the Court may consider not only the contents of the pleadings, Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993); Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Industries, Inc.), 183 B.R. 812, 817 (Bankr. N.D. Ill. 1995), the Court also may consider documents incorporated by reference in the pleadings and may also take judicial notice of matters of public record. U.S. v. Wood, 925

---

[5]  Rule 12(c) provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

F.R.C.P. 12(c).

F.2d 1580, 1582 (7th Cir. 1991); Flora, 685 F.2d at 211; Friedman v. Washburn Co., 145 F.2d 715, 717-18 (7th Cir. 1944); Nat'l Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987); In re Amica, Inc., 130 B.R. 72, 76 (Bankr. N.D. Ill. 1991).

In summary, as a defendant, XO's Motion should be granted if it appears beyond doubt that there is no set of facts Mills can prove to support her claim. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989); Susman v. Lincoln Am. Corp., 517 F. Supp. 931, 934 (N.D. Ill. 1981) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102 (1957)). As the moving party, XO must aver that no disputed facts material to this Motion appear in the pleadings and provide the Court with any additional material facts of which the Court may take judicial notice in order to show that as a matter of law XO, as the moving party, is entitled to judgment. For the purpose of this Motion, XO submits that there are no disputed material facts raised in the pleadings. Moreover, this Court may and should take judicial notice of XO's chapter 11 proceeding that is currently pending in the Bankruptcy Court in New York, as well as certain pleadings which XO describes herein. The record of that case, including all filings, pleadings and orders, are a matter of public record.

The facts, as stated in the Complaint and taken as true and in a light favorable to Mills, fail to provide any basis for this Court to permit the Complaint to proceed as it pertains to XO for the following three reasons:

First, Mills cannot come to this Court seeking redress for her claims because XO has been discharged from any and all liability for any and all claims, including Mills' claims, that arose prior to the Confirmation Date (i.e., November 15, 2002). Any judgment obtained against XO relating to such discharged claims is void. By virtue of the discharge, Mills no longer has a

claim to assert against XO in this forum for any acts of XO prior to November 15, 2002, including her termination on November 5, 2002.

Second, by filing her Complaint, Mills violated the discharge injunction. By operation of law, the discharge that XO received also permanently enjoins all creditors of XO from taking any action against XO including, but not limited to, commencing or continuing, in any manner or in pace, any action or proceeding, and enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order. Plan at § 10.3; 11 U.S.C. § 524(a)(2). The injunctive protection prevents the Mills from seeking damages for her claims in this Court without violating the Confirmation Order, an order duly entered by a court of competent jurisdiction, and the injunction provided by the section 524 of the Bankruptcy Code (11 U.S.C. § 524(a)(2), (a)(3)). Both violations subject Mills to possible sanctions.[6]

Finally, Mills' commencement of this lawsuit is procedurally improper. As described below, Mills' initial recourse is to seek a determination from the Bankruptcy Court that her claims are still viable and have not been discharged. Without that determination, Mills cannot pursue her claims in this Court because this Court may lack jurisdiction.

## A. MILLS' CLAIMS AGAINST XO HAVE BEEN DISCHARGED PURSUANT TO SECTION 1141 OF THE BANKRUPTCY CODE.

The factual allegations underpinning each of Mills' claims against XO arose out of acts that occurred prior to the Confirmation Date. Thus, XO's liability for any damages or

---

[6] XO reserves its right to seek the appropriate sanctions from the Bankruptcy Court for Mills' violation of the injunction.

- 8 -

claims that existed or may have existed as a result of those acts has been discharged. Simply put, Mills no longer has a viable claim to bring against XO.

As a result of the discharge XO received pursuant to section 1141 of the Bankruptcy Code, XO cannot be personally liable to Mills for any of the claims asserted in the Complaint. In fact, given the Debtor's discharge, Mills no longer has a claim to pursue against XO because all such possible claims and causes of action she may have had are now barred. Moreover, if Mills were to obtain a judgment against XO for the claims asserted in her Complaint, she would be enjoined from enforcing, or pursuing the collection of, such judgment. See In the Matter of McFarland, 84 F.3d 943, 945-46 (7th Cir.), *cert. denied,* South Div. Credit Union v. McFarland, 519 U.S. 931, 117 S. Ct. 302 (1996) (discharge both voids any judgments based upon a debtor's personal liability to the extent that the judgment encompasses discharged debt and enjoins any action seeking enforcement of the judgment). In re American Hardwoods, Inc., 885 F.2d 621, 626 (9th Cir. 1989).

Without possessing a claim against XO, Mills cannot pursue her Complaint against XO or take any other action against XO respecting her claims. In re Columbia Gas Transmission Corp., 219 B.R. 716 (S.D. W. Va. 1998). Thus, the Complaint should be dismissed.

In Columbia Gas, a plaintiff sought to modify the plan injunction to establish the debtor's liability to collect on an excess coverage insurance policy. The debtor's insurance policy had a self-insured retention of $200,000 that had not been exhausted prior to confirmation. Id. at 720. The District Court found that the plaintiff could not pursue her claim even if she only wanted to restrict her recovery to the excess insurance policy because her underlying claim

against the debtor had been discharged and without the self-insured retention being exhausted, the insurance carrier's liability would never be triggered. Id. Thus, without a claim, the plaintiff could not sue the debtor to exhaust the self-insured retention. Accordingly, the court found that permitting the plaintiff to pursue her claim against the debtor in order to trigger coverage by the insurance carrier would be an empty act and denied her motion. Id.

Similarly, with the discharge XO received pursuant to section 1141(d) and embodied in the Confirmation Order, Mills no longer has any claims she may assert against XO relating to its conduct and acts prior to November 15, 2002. Therefore, XO's assertion of its bankruptcy discharge as an affirmative defense is sufficient grounds to dismiss the Complaint.

### B. MILLS' PURSUIT OF THE COMPLAINT AGAINST XO VIOLATES THE INJUNCTION THAT WAS IMPOSED BY OPERATION OF LAW PURSUANT TO SECTION 524(a) OF THE BANKRUPTCY CODE.

Section 524(a), which establishes the permanent injunction that results from a discharge received under the Bankruptcy Code, provides in pertinent part:

> (a) A discharge in a case under this title --
>
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . .

11 U.S.C. § 524(a).

As noted in the legislative history, "The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts." See 1978 U.S.C.C.A.N. 5787 Senate Report No. 95-989,

- 10 -

July 14, 1978, at p. 5866. Moreover, "[a] bankruptcy discharge and the concomitant injunction against subsequent actions are designed to give the debtor a financial 'fresh start.'" In re Jet Florida Systems, Inc., 883 F.2d 970, 972 (11th Cir. 1989) (*citing* Thomas H. Jackson, The Fresh Start Policy in Bankruptcy Law, 98 Harv. L. Rev. 1393, 1396-97 (1985)). In XO's bankruptcy case, the section 524(a) injunction is implemented pursuant to section 10.3 of the Plan. The purpose of the discharge injunction is to provide the finality to the proceeding that a newly discharged debtor needs so that it no longer needs to fend off pre-confirmation creditors.[7]

By filing her Complaint, Mills is interfering with the discharge injunction and undoing this finality. Mills, unintentionally or not, seeks to interfere with XO's property by trying to establish its personal liability to her by means of commencing an action "to collect, recover or offset [a] debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). Mills' acts, individually and collectively, run afoul of the terms of the injunction provided by section 524(a).

XO, as the moving party, must establish that no material issues of fact exist and that judgment on the pleadings is warranted by law. Flora, 685 F.2d at 211; Nat'l Fidelity Life Ins. Co., 811 F.2d at 358. Therefore, even after accepting all well-pled material facts as undisputed, because of the discharge and injunctive relief that XO has received from its bankruptcy proceeding, Mills has no claims she can assert against XO, and therefore, this Court should dismiss the Complaint in its entirety as it pertains to XO.

---

[7] "Finality is particularly important in insolvency matters" and thus "it is essential to give confirmation orders a high degree of finality." In re Petition of the Board of Directors of Hopewell Int'l Ins. Ltd., 281 B.R. 200, 209 (Bankr. S.D.N.Y. 2002).

Based on the foregoing, Mills is precluded from pursuing any and all of her causes of action against XO that arose prior to the Confirmation Date because those claims have been discharged and any and all attempts to commence or continue any action to attempt to recover upon such claims are permanently enjoined. Therefore, Mills' claims are all based on or arise from either the execution of the Settlement Agreement or her termination by XO. As both of those acts occurred prepetition, any and all claims pertaining to those acts have been discharged. Furthermore, the pursuit of any claim that existed or may have existed postpetition but prior to the Confirmation Date (i.e., any claim arising out of Mills' termination) is now permanently enjoined.

## C. MILLS' COMPLAINT SHOULD BE DISMISSED AS TO XO BECAUSE IT IS PROCEDURALLY DEFECTIVE.

Mills' filing of the Complaint in this Court is procedurally defective. Instead, Mills could have sought a declaratory judgment from XO's Bankruptcy Court that the debts she is trying to collect upon are outside the scope of XO's discharge and therefore, pursuable in this Court. See F. R. Bankr. Proc. 4007(6), 7001(9); In re Miller, 228 B.R. 203, 207 (Bankr. N.D. Ill. 1999) (nondischargeability of a debt must be determined in an adversary proceeding under Bankruptcy Rule 7001(6)) (citing In re Allard, 196 B.R. 402, 411 (Bankr. N.D. Ill. 1996)); Gonzalez v. Munoz (In re Munoz), 287 B. R. 546, 551 (9th Cir. BAP 2002). An adversary proceeding must be commenced by a properly filed and served complaint in XO's Bankruptcy Court. In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990); F. R. Bankr. Proc. 7001. Therefore, should this Court determine that it cannot grant XO's Motion on the grounds set forth above, then on this basis alone, this Court should dismiss the Complaint.

## CONCLUSION

For all the foregoing reasons, XO respectfully moves the Court to grant its Motion for Judgment on the Pleadings with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: October 9, 2003

XO COMMUNICATIONS, INC.

By _____
Robert E. Arroyo, One of Its Attorneys

Robert E. Arroyo, Esq.
Joan E. Maloney, Esq.
Attorneys for Defendant XO Communications, Inc.
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
(312) 787-4949

# SEE CASE FILE FOR EXHIBITS